## In re BULK POPCORN ANTITRUST LITIGATION.

### No. 3–89–710.

United States District Court,
D. Minnesota,
Third Division.

March 26, 1992.

Samuel D. Heins, W. Joseph Bruckner, Opperman, Heins & Paquin, Minneapolis, Minn., Lead Counsel for all plaintiffs.

Samuel D. Heins, W. Joseph Bruckner, Opperman, Heins & Paquin, Minneapolis, Minn., Warren Rubin, Gross, Sklar & Metzger, Philadelphia, Pa., Guido Saveri, Saveri & Saveri, San Francisco, Cal., Gary L. Specks, Altheimer & Gray, Chicago, Ill., Jerry B. Chariton, Larry S. Keiser, Chariton & Keiser, Wilkes–Barre, Pa., for Arzente Family Corp. and Chocolate Popcorn Co., plaintiffs.

Samuel D. Heins, W. Joseph Bruckner, Opperman, Heins & Paquin, Minneapolis, Minn., Kenton C. Granger, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for Zarda Bros. Dairy, Inc., plaintiff.

Donald R. Johnston, Briggs & Morgan, Minneapolis, Minn., Michael D. Hausfeld, Ann C. Yahner, Cohen, Milstein & Hausfeld, Washington, D.C., Ann M. Spencer, Wagner, Johnston & Falconer, Samuel D. Heins, W. Joseph Bruckner, Opperman, Heins & Paquin, Minneapolis, Minn., for Michael J. Iannacone, Bankruptcy Trustee for Hancock–Nelson Mercantile Co., on behalf of bankruptcy estate of Hancock–Nelson Mercantile Co. Inc., and a class of all others similarly situated, plaintiff.

Jack L. Chestnut, Karl L. Cambronne, Chestnut & Brooks, Minneapolis, Minn., for Old Dutch Foods, Inc., plaintiff.

Charles H. Johnson, Johnson Law Office, St. Paul, Minn., for Michael McPherson, plaintiff.

John A. Cochrane, Cochrane & Bresnahan, St. Paul, Minn., Howard I. Langer, Berger & Montague, Philadelphia, Pa., J. Garrett Kendrick, Long Beach, Cal., Lawrence G. Papale, Cannata & Papale, Francis O. Scarpulla, Scarpulla & Scarpulla, San Francisco, Cal., for Syufy Enterprises, plaintiff.

John A. Cochrane, Cochrane & Bresnahan, Mark Reinhardt, St. Paul, Minn., for Ogren Popcorn, Inc. and Preferred Food Concepts, Inc., plaintiffs.

Alan H. Maclin, James J. Long, Donald R. Johnston, Briggs & Morgan, St. Paul, Minn., for Ellis Popcorn Co., defendant.

Robert DeMay, Allen Saeks, Leonard, Street & Deinard, Randall Smith, Jacobson, Stromme & Harwood, Minneapolis, Minn., James H. Hamm, III, Robert D. Moreland, Thomas M. Shoaff, Baker, Daniels & Shoaff, Fort Wayne, Ind., for Weaver Popcorn Co., defendant.

G. Marc Whitehead, Bruce H. Little, Popham, Haik, Schnobrich & Kaufman, Minneapolis, Minn., Theodore R. Tetzlaff, Richard P. Steinken, Nina Vinik, Jenner & Block, Chicago, Ill., for Popcorn Institute, defendant.

Robert J. Hennessey, Larkin, Hoffman, Daly & Lindgren, Minneapolis, Minn., Merrill S. Schell, M. Stephen Pitt, Debra D. Poulin, Wyatt, Tarrant & Combs, Louisville, Ky., for Gettelfinger Popcorn, defendant.

Eugene M. Warlich, Alan I. Silver, Marc J. Manderscheid, Gary M. Hansen, Doherty, Rumble & Butler, St. Paul, Minn., for Wyandot Corp., defendant.

Anne V. Simonett, Norman R. Carpenter, Faegre & Benson, Minneapolis, Minn., for Curtice Burns Foods, defendant.

Robert R. Weinstine, Steven C. Tourek, Gina M. Follen, Darron C. Knutson, Winthrop & Weinstine, St. Paul, Minn., Brooks F. Poley, Zelle & Larson, Minneapolis, Minn., for Golden Valley Microwave Foods, Inc. and Vogel Popcorn Co., defendants.

Timothy E. Carr, Carr & Mussman, San Francisco, Cal., for George Brown, defendant.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

### INTRODUCTION

This matter is before the court upon defendants' motion for summary judgment, or, in the alternative, partial decertification of the class. For the following reasons, defendants' motion is denied in its entirety. The background facts of this case have been set forth in the court's order dated November 29, 1991. The court incorporates additional facts as they relate to this motion.

### DISCUSSION

#### I. Motion for Summary Judgment

Defendants seek summary judgment asserting that plaintiffs have failed to establish the essential elements of their claims. Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (1991). On a motion for summary judgment, the non-moving parties are entitled to the benefit of all favorable inferences, and all genuine issues of material fact must be reserved for resolution by the jury. *In re Workers' Compensation Insurance Antitrust Litigation*, 867 F.2d 1552, 1560 (8th Cir.), *cert. denied*, 492 U.S. 920, 109 S.Ct. 3247, 106 L.Ed.2d 593 (1989).

Plaintiffs must establish the existence of the following essential elements to support their Sherman Act § 1 claims:

(1) An agreement, conspiracy, or combination among the defendants in restraint of trade;

(2) Injury to the plaintiff's business and property as a direct result; and

(3) Damages that are capable of reasonable ascertainment and are not speculative or conjectural.

*Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 883–84 (8th Cir. 1978).

 Defendants contend that plaintiffs failed to establish the damages element of their claims because the alleged damages cannot be "reasonably ascertained" and are "completely unquantifiable." In support, defendants indicate this court should disregard Dr. Beyer's January 17, 1992 affidavit and should decide this motion only on the basis of Dr. Beyer's deposition taken in November of 1991.[1] The court, however, sees no value in ignoring Dr. Beyer's January 17, 1992 testimony. In evaluating the evidence, a piecemeal analysis must be avoided. *In re Workers' Compensation Insurance Antitrust Litigation*, 867 F.2d 1552, 1563 (8th Cir.1989), *cert. denied*, 492 U.S. 920, 109 S.Ct. 3247, 106 L.Ed.2d 593 (1989). Defendants' challenges to Dr. Beyer's testimony go to questions of credibility rather than whether or not plaintiffs have established the necessary element of damages. The trier of fact can determine Dr. Beyer's credibility in light of any conflicting testimony. Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.

---

1. Plaintiffs' damage calculations rely in large part on the work of Dr. John Beyer, president of an economic consulting firm.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

 When viewing plaintiffs' submissions as a whole, including Dr. Beyer's testimony, it is evident that plaintiffs' damage claims are not "speculative or conjectural". It is understandable that portions of Dr. Beyer's analysis may have changed as discovery has progressed in this case. More information has become available to Dr. Beyer to incorporate in his calculations. In proving the *amount* of damage, the antitrust plaintiff need only present evidence from which the fact finder may make a just and reasonable estimate of the damage that is not based on speculation or guesswork. *National Farmers Organization, Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1293 (8th Cir.1988) (emphasis in original), *cert. denied*, 489 U.S. 1081, 109 S.Ct. 1535, 103 L.Ed.2d 840 (1989); Given proof of the fact of damage, proof of losses which border on the speculative is allowed in order to facilitate the policy of the antitrust laws. *Malcolm v. Marathon Oil Co.*, 642 F.2d 845, 858 (5th Cir.), *cert. denied*, 454 U.S. 1125, 102 S.Ct. 975, 71 L.Ed.2d 113 (1981). Plaintiffs' submissions provide proof of damage that is more than speculative and therefore defendants' motion for summary judgment is denied.

II. Partial Class Decertification

Defendants seek partial class decertification. The Advisory Committee's Notes to the 1966 Amendment to Federal Rule of Civil Procedure 23 state:

> [A] class determination once made can be altered or amended before the decision on the merits if, upon fuller development of the facts, the original determination appears unsound.

This court has heard and fully considered all parties' arguments relating to class certification when it certified the four lawsuits as class actions in its Memorandum and Order dated February 26, 1991 and its Amended Order dated March 13, 1991. Nothing has been brought to the court's attention that would warrant reconsideration of the court's earlier findings. Accordingly, defendants' motion for partial class certification is denied.

Based on the above IT IS HEREBY ORDERED that:

(1) Defendants' motion for summary judgment (clerk dockets # 247 and # 251) is DENIED.

(2) Defendants' motion for partial class decertification (clerk dockets # 247 and # 251) is DENIED.